5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jack R. STEDMAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3189.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1993.
 
 Before MAYER, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack R. Stedman petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. PH0831920379-I-1, dismissing without prejudice his appeal from a reconsideration decision of the Office of Personnel Management (OPM) determining that his former spouse was entitled to receive a portion of his civil service retirement annuity based on a state court order incident to a divorce decree. We affirm.
 
 
 2
 Stedman was divorced on May 13, 1980. He retired from the United States Postal Service on May 25, 1989 and thereafter received a civil service retirement annuity for his years of federal service.
 
 
 3
 On June 8, 1990, Stedman's former spouse filed papers seeking division of the community property interest in Stedman's annuity. The Superior Court of California, County of Santa Clara, having jurisdiction over the division of the Stedmans' property, appointed a special master to resolve the complex issues. After much procedural complexity,[1] a hearing was on October 7, 1991, at which Stedman was neither present nor represented. At the hearing's conclusion, the court ordered that Stedman pay his portion of the special master's retaining fee and warned Stedman that the court would enter a default judgment against him if he failed to pay the fee and also would grant his former wife "all relief requested" regarding her claim to the contested property. Due to Stedman's failure to comply with the court's order, and over Stedman's remonstrations, the court on December 3, 1991 entered a default judgment against Stedman granting Stedman's former spouse, inter alia, a percentage interest in the annuity.
 
 
 4
 Upon receipt of the California court order and pursuant to 5 U.S.C. Sec. 8345(j)(1) (1988)[2] and 5 C.F.R. Sec. 831.1704 (1992),[3] OPM informed Stedman that the amount of his civil service annuity would be decreased in accordance with the California court order and that the retained amount would be paid directly to his former spouse. Stedman objected to OPM's decision to apportion his retirement annuity, and informed OPM that he had appealed the Superior Court's decision to the California Court of Appeals, Sixth Appellate District. Though Stedman was twice unsuccessful in persuading OPM as to the merits of his case, OPM indicated that it would delay distribution of the apportioned amount to his former spouse until the conclusion of the litigation in the California Court of Appeals.
 
 
 5
 Stedman timely appealed OPM's apportionment reconsideration decision to the Board. Noting that the appeal challenging the December 3, 1991 order was still pending in the California appellate court, and reasoning that the outcome of the California court's proceedings would "directly affect the interests of the parties ... as well as determine the validity and enforceability of the December 3, 1991 court order," the Administrative Judge (AJ) decided "[in] the interests of justice, judicial economy, and fundamental fairness ... that this appeal be dismissed without prejudice until a decision or order is issued in the appeal pending before the California appellate court." Stedman v. Office of Personnel Management, No. PH0831920379-I-1, slip op. at 3 (MSPB Aug. 25, 1992). By concluding that the proceedings "[would] directly affect" the appeal before the MSPB, the AJ apparently anticipated a decision on the merits of the case by the California appellate court. The AJ's initial decision became final when the full Board denied Stedman's petition for review on December 30, 1992. Stedman timely appealed to this court.
 
 
 6
 On January 7, 1993, a week after the full Board's decision, the California Court of Appeals vacated both the October 7, 1991 and the December 3, 1991 orders and remanded the case to the Superior Court for an adversarial hearing.[4] The appellate court reasoned that the communications between Stedman, the former spouse's counsel, and the court before the October 7, 1991 hearing constituted a request for a continuance and that the court was unaware of Stedman's request to delay the hearing date. The court therefore concluded that the trial court could not properly have exercised its discretion in deciding to proceed in Stedman's absence. Stedman v. Stedman, slip op. at 12-14.
 
 
 7
 We review the Board's decision under a narrow standard and must affirm unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 On appeal, Stedman challenges the Board's dismissal as an abuse of discretion and violative of his constitutional right of due process. We conclude, however, that the Board soundly exercised its discretion in dismissing Stedman's appeal without prejudice pending resolution of the issues in the California courts. In dismissing his appeal, the Board seems to have anticipated that the California Court of Appeals either would affirm or reverse the then pending appeal on the merits, rather than deciding to vacate and remand, and therefore afforded Stedman the right to reopen his appeal "within ten days after the California Court of Appeals issues a final order or decision in his appeal." Stedman v. Office of Personnel Management, slip op. at 3. Given the absence of a ruling on the merits of the case by the California appellate court, however, limiting Stedman's right to reopen his appeal to the Board to ten days from the date of the remand decision would deprive Stedman of the benefits he was to have obtained from the dismissal without prejudice, since the Board is still unable to determine the validity of the California court's order. Thus, in order not to frustrate the intent behind the Board's order, we construe the Board's ten-day filing limitation to permit Stedman to reopen his appeal to the Board at any time before the expiration of the tenth day after the date of the California appellate courts' final disposition of the case presently before the trial court.
 
 
 9
 Because both 5 U.S.C. Sec. 8345(j)(1) and 5 C.F.R. Sec. 831.1704 (1992) specifically require a court order on which to base an apportionment of a former employee's retirement benefits, Stedman on appeal questions OPM's authority to continue to apportion his annuity, as well as to retain the amounts already apportioned, in light of the California appellate court's vacatur of the Superior Court's order on which OPM explicitly relied. This vacatur rendered the court order of no further force or effect. The Board has not yet considered the merits of Stedman's contention and consequently the issue is not properly before this court. Nothing, however, prevents Stedman at this time from seeking to reopen his appeal before the Board, in light of events occurring after the full Board denied his petition for review, in order to challenge OPM's authority to retain previously apportioned monies and to continue making such retentions in the absence of a state court judgment or order.
 
 
 
 [1]
 For a detailed exposition of the background of this case, see Stedman v. Stedman, No. H009083, slip op. at 2-8 (Cal.Ct.App. Jan. 7, 1993)
 
 
 [2]
 5 U.S.C. Sec. 8345(j)(1) reads:
 Payments ... which would otherwise be made to an ... annuitant based upon his service shall be paid (in whole or in part) by [OPM] to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.
 
 
 [3]
 5 C.F.R. Sec. 831.1704 (1992) is now codified at 5 C.F.R. Sec. 838.1004 (1993). See 57 Fed.Reg. 33,574 (July 29, 1992)
 
 
 [4]
 We take judicial notice of the uncontroverted existence, timing and substance of this decision